WILLIAMSON, *alias* COLLINS, *v.* THE STATE.

GILBERT, J. The defendant was convicted of the offense of murder; and his motion for new trial having been overruled, he excepted. In addition to the general grounds, error is assigned, first, because the court "failed to charge the jury that if they believed that the defendant did not act in self-defense nor that he was justified, but was guilty either of the crime of murder or voluntary manslaughter, and if they further believed there was a reasonable doubt as to whether he was guilty of murder or voluntary manslaughter, it would be the duty of the jury, under the law, to give the defendant the benefit of such reasonable doubts and find him guilty of voluntary manslaughter;" second, that the court failed to charge the jury in regard to the right of the accused to justify his de-

fense on the ground that the deceased was about to commit the offense of mayhem on defendant. *Held*:

1. There is no complaint that the court did not charge generally upon the subject of reasonable doubt; and therefore the presumption is that there was a correct charge on that subject. That being true, it was not error for the court to fail to charge further upon the subject, in the absence of a written request. *Spears* v. *State*, 53 *Ga.* 252.

2. If the accused had desired a more full and complete charge in respect to the subject of justifiable homicide, it was his duty to duly request the same in writing.

3. The verdict of the jury is supported by evidence.

*Judgment affirmed. All the Justices concur, except George, J., absent.*

No. 2316.  MARCH 16, 1921.

Indictment for murder. Before Judge Wright. Floyd superior court. October 16, 1920.

*W. H. Ennis* and *F. W. Copeland,* for plaintiff in error.

*R. A. Denny, attorney-general, C. H. Porter, solicitor-general, Graham Wright,* and *E. S. Taylor,* contra.